UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

10-1764

| | |
|---|---|
| CLINTON SPELLMAN, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN EAGLE EXPRESS, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 09-1666 (RMC) |

FILED APR 20 2010

TRANSFER ORDER

Plaintiffs are employees and former employees of Defendant's Elkridge, Maryland facility who allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Maryland and District of Columbia wage payment laws. Defendant is a New York corporation that provides courier services and has its principal place of business in Aston, Pennsylvania. Pending before the Court is Plaintiffs' motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania. Defendant opposes.

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs' primary reason for seeking a transfer is that a similar wage-and-hour lawsuit (albeit, one alleging violations of Pennsylvania law) by a different group of employees is pending against Defendant in the Eastern District of Pennsylvania and was filed seven months before Plaintiffs filed this case in this Court. Plaintiffs assert that a transfer to that court would "prevent the waste of time, energy and money and stop unnecessary inconvenience and

expense by having legally and factually similar matters move forward in one court . . . ." Pls.' Reply [Dkt. # 50] at 16.

It is beyond dispute that "parallel litigation of factually related cases in separate fora is inefficient." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003). "Indeed, separate parallel proceedings have long been recognized as a judicial inconvenience." *Id.* "In the case of parallel litigation in two federal district courts, the general principle is to avoid duplicative litigation." *Id.* (quotation marks and citation omitted). "So long as the parallel cases involve the same subject matter, the district court should — for judicial economy — resolve both suits in a single forum." *Id.* at 350.

Defendant does not, and in this Court's opinion, cannot, seriously contest that it is in the interest of judicial economy to have both cases litigated in the same court insofar as they arise out of the same policy or practice of Defendant that is alleged to have violated applicable wage-and-hour laws and present the same legal issue — whether the couriers are "employees" subject to the wage-and-hour laws or "independent contractors" exempt therefrom. Rather, Defendant opposes transfer largely "because Plaintiffs have not shown a change in circumstances since they chose to file their Complaint in this District." Def.'s Opp'n [Dkt. # 45]. While that may be the case, no such showing is required. Section 1404(a) treats transfers initiated by plaintiffs no differently than transfers initiated by defendants. *See Ferens v. John Deere Co.*, 494 U.S. 516, 529-30 (1990) (superseded by statute on other grounds). Defendant's argument to the contrary "assumes that § 1404(a) is for the benefit only of the moving party" but "[b]y the statute's own terms, it is not." *Id.* at 529. "Section 1404(a) also exists for the benefit of the witnesses and the interest of justice,

which must include the convenience of the court." *Id.* Thus, Plaintiffs bear no heavier burden under § 1404(a) simply because they initially chose this forum.

Defendant also argues that venue in the Eastern District of Pennsylvania is not proper, but that is not so. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Venue is proper in the Eastern District of Pennsylvania because Defendant resides there. *See id.* § 1391(c) ("a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced"). Whether "the inherent incompatibility of co-existing opt-in and opt-out actions" precludes consolidation of this case with the parallel case in the Eastern District of Pennsylvania, as Defendant asserts, *see* Def.'s Opp'n at 8, is for that court to decide after the transfer is consummated; it is not a basis for finding that venue in that forum is improper.

Having determined that the parallel cases involve the same subject matter and should be resolved in a single forum, the Court "next decides which district court should adjudicate the case." *Handy*, 325 F.3d at 350. Plaintiffs argue that transfer to the Eastern District of Pennsylvania is appropriate "under the first-to-file rule," *see* Pls.' Reply at 7, but the D.C. Circuit has not followed the courts that apply that rule in these circumstances. "Although some courts make this determination by using the so-called 'first-to-file' rule, *e.g.*, *Cadle Co. v. Whataburger of Alice, Inc.*,

-3-

174 F.3d 599, 606 (5th Cir. 1999); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991), we have emphasized that the district court must balance equitable considerations rather than using 'a mechanical 'rule of thumb.''" *Handy*, 325 F.3d at 350 (quoting *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 628 (D.C. Cir. 1975)).

The equities support transferring this case to the Eastern District of Pennsylvania, where Defendant has its principal place of business and where many of the relevant witnesses and documents are likely located. Inasmuch as the named Plaintiffs live in Maryland and work (or worked, as the case may be) at Defendant's Maryland facility, the events giving rise to Plaintiffs' wage-and-hour claims appear to have occurred in Maryland, not in Washington, D.C. Defendant concedes as much. *See* Def.'s Opp'n at 10 ("The reality is that the actions giving rise to this action took place in the Elkridge, Maryland facility in between Baltimore and Washington, D.C."). Neither party has sought to transfer this case to the District of Maryland. In any event, the District of Columbia has only a tenuous connection to the parties and the facts of this case. As between this forum and the Eastern District of Pennsylvania, considerations of convenience and justice militate in favor of transfer. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Transfer Venue [Dkt. # 41] is **GRANTED** and Plaintiffs' Motion to Stay this Matter Pending Resolution of the transfer motion [Dkt. # 41] is **DENIED AS MOOT**. This case is **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania. All other pending motions will be decided by the transferee court.

**SO ORDERED**.

Date: April 9, 2010                                         /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge