IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINTON SPELLMAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-1764 |
| | : | |
| AMERICAN EAGLE EXPRESS, INC. | : | |
|    *d/b/a* AEX Group | : | |

## **ORDER**

AND NOW, this 18th day of May, 2011, it is ORDERED Plaintiffs' Motion for Conditional Certification and to Permit Court-Supervised Notice to Employees of their Opt-In Rights is GRANTED.[1] This Court shall certify a collective-class represented by the Plaintiffs of all former

---

[1] Named Plaintiffs, delivery drivers for Defendant American Eagle Express, Inc. (AEX), bring suit on behalf of themselves and others similarly situated, alleging AEX has violated the Fair Labor Standards Act (FLSA) by misclassifying its delivery drivers as independent contractors and–as a result of such misclassification–failing to pay drivers overtime compensation. Plaintiffs ask this Court to conditionally certify this action as a collective action under the FLSA.

    The FLSA requires employers to pay overtime compensation for an employee's work in excess of 40 hours per week, 29 U.S.C. §§ 206, 207, and permits similarly situated employees to sue collectively for violations of this rule, 29 U.S.C. § 216(b). In contrast to class actions brought pursuant to Federal Rule of Civil Procedure 23, the FLSA requires collective action members to affirmatively opt in to the case. *See* § 216(b). To determine whether the proposed group of plaintiffs is "similarly situated," and therefore qualified to proceed as a conditional collective action, a district court applies a two-step test. *See Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 U.S. Dist. LEXIS 21010 (E.D. Pa. Nov. 13, 2003). In the first step, which is assessed early in the litigation process, the plaintiff at most must make only a "modest factual showing" that the similarly situated requirement is satisfied. *See Bosley v. Chubb Corp.*, No. 04 - 4598, 2005 U.S. Dist. LEXIS 10974, at *7-9 (E.D. Pa. Jun. 3, 2005) (collecting cases and noting some courts require nothing more than allegations that the putative class members were injured as a result of their employer's uniform policy, while others apply a stricter, though still lenient, "modest factual showing" standard). The second step "is usually conducted at the close of class-related discovery and consists of a specific factual analysis of each employee's claim to ensure that each proposed plaintiff is an appropriate party." *Harris v. Healthcare Servs. Grp., Inc.*, No. 06-2903, 2007 U.S. Dist. LEXIS 55221, at *2 (E.D. Pa. Jul. 31, 2007).

    In support of its motion, Plaintiffs submit ten affidavits of Named Plaintiff delivery drivers, in which each individual states they worked or work as a courier for AEX under AEX's close direction, supervision, and control. During this time, Plaintiffs state there was no written policy regarding overtime at AEX and further aver they each frequently worked more than forty hours per week but were not paid overtime compensation rates for time worked in excess of forty hours. Under

and current AEX delivery drivers who may be owed unpaid overtime wages and who are not barred by a three-year statute of limitations.

It is further ORDERED that Plaintiffs, under the supervision of this Court, shall be permitted to give such notice as approved by the Court to all class members of their right to opt-in to this litigation by executing an appropriate consent as required in Section 216(b) of the Fair Labor Standards Act (FLSA).

It is further ORDERED the parties shall meet and confer on the form and substance of notice to be given.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

either standard of proof, Plaintiffs have shown they and other AEX delivery drivers are similarly situated in that they all perform the same job functions and are all classified by AEX as "independent contractors," thus negating their entitlement to overtime pay. *See Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 996 (C. D.Cal. 2008) (explaining, to defeat conditional certification, it is disingenuous for an employer to argue a court must inquire into the individual work duties of each proposed plaintiff when the employer has itself uniformly classified the plaintiffs as exempt from FLSA protections); *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 834 (E.D. Va. 2008) (finding sufficient similarity in plaintiffs who were all classified as independent contractors and explaining courts have found sufficient similarity when plaintiffs "raise a similar legal issue as to coverage, exemption, or nonpayment of . . . overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions"); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006). Accordingly, this Court grants conditional certification of a collective action as further defined above.