IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINTON SPELLMAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-1764 |
| | : | |
| AMERICAN EAGLE EXPRESS, INC. | : | |
|    *d/b/a* AEX Group | : | |

**ORDER**

AND NOW, this 20th day of July, 2011, it is ORDERED Defendant American Eagle Express, Inc.'s (AEX) Motion for Reconsideration of this Court's May 18, 2011, Order (Document 74) is DENIED.[1]

It is further ORDERED AEX's Emergency Motion to Stay Transmission of Notice to

---

[1] On May 18, 2011, this Court granted Plaintiffs' motion for conditional certification of a Fair Labor Standards Act (FLSA) collective class, represented by the named Plaintiffs and consisting of all former and current AEX delivery drivers who may be owed unpaid overtime wages under the FLSA. AEX asks this Court to reconsider its Order, arguing the Supreme Court's recent decision in *Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011), renders conditional certification inappropriate. In *Dukes*, the Supreme Court declined to certify a class pursuant to Federal Rule of Civil Procedure 23 on the basis that Rule 23(a)(2)'s commonality requirement could not be satisfied. *Id.* at **18.

    The instant case is a collective action brought pursuant to the FLSA, 29 U.S.C. § 216(b). Unlike Rule 23 class actions. the FLSA requires collective action members to affirmatively opt in to the case. *See* § 216(b). To determine whether the proposed group of plaintiffs is "similarly situated," and therefore qualified to proceed as a conditional collective action, a district court applies a two-step test. *See Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 U.S. Dist. LEXIS 21010 (E.D. Pa. Nov. 13, 2003). In the first step, which is assessed early in the litigation process, the plaintiff at most must make only a "modest factual showing" that the similarly situated requirement is satisfied. *See Bosley v. Chubb Corp.*, No. 04 - 4598, 2005 U.S. Dist. LEXIS 10974, at *7-9 (E.D. Pa. Jun. 3, 2005). The Plaintiffs have made this modest factual showing, and this Court's analysis is not affected by *Dukes*. The second step of the collective action certification process will be conducted at the close of class-related discovery, at which time this Court will conduct "a specific factual analysis of each employee's claim to ensure that each proposed plaintiff is an appropriate party." *Harris v. Healthcare Servs. Grp., Inc.*, No. 06-2903, 2007 U.S. Dist. LEXIS 55221, at *2 (E.D. Pa. Jul. 31, 2007). At this second stage, AEX may argue that *Dukes*'s analysis of what constitutes a "common question" is persuasive to this Court's analysis of whether an FLSA collective action should be certified. In the interim, AEX's motion for reconsideration is denied.

Potential Class Members (Document 76) is DENIED as moot.[2]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[2] AEX asked this Court to stay transmission of notice to potential class members until this Court ruled on its motion for reconsideration. Because AEX's motion for reconsideration is denied, this motion is moot.