IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON SPELLMAN, et al.** | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| | : | |
| v. | : | No.: 2:10-cv-01764-JS |
| | : | |
| **AMERICAN EAGLE EXPRESS, Inc.,** | : | |
| Defendant. | : | |

<u>MEMORANDUM</u>

**LYNNE A. SITARSKI**                                                                                  **May 15, 2012**
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is a "Motion for Sanctions" filed by Defendant American Eagle Express, Inc. in this action. (Doc. No. 128). Defendant seeks monetary sanctions pursuant to Federal Rule of Civil Procedure 37(d) for the failure of two opt-in plaintiffs to attend their noticed depositions.[1]

For the reasons stated herein, the Motion for Sanctions will be denied.

**I.   BACKGROUND**

Omar Awawdeh[2] and Jorge Lopez are two of approximately 200 opt-in plaintiffs in this Fair Labor Standards Act (FLSA) collective action. The parties agree that Awawdeh and Lopez

---

[1] Defendant seeks monetary sanctions in the amount of $8,397.23 from Awawdeh and Lopez for fees and costs incurred in the preparation and travel for the depositions, plus any additional fees Defendant is required to pay for a court reporter, and videographer who appeared at the unattended depositions. Defendant also requests that opt-in plaintiff Lopez pay any fees ultimately incurred for a Spanish interpreter who appeared for Lopez's unattended deposition.

[2] There appears to be some discrepancy regarding the spelling of this opt-in plaintiff's name. In its motion, Defendant identifies him as Omar "Awaundeh." (Def's Mem. in Supp. of Mot. for Sanctions ¶ 1). Plaintiffs assert that the proper spelling is "Awawdeh" (Pl's Opp. to Def's Mot. for Sanctions 1 n.1), but identifies him as "Awaundeh" in its Notice of Withdraw filed April 11, 2012.

were scheduled to be deposed on February 20, 2012, in Newark, New Jersey. The parties further agree that the time, date, and location had been confirmed with Plaintiffs' counsel. Nevertheless, Awawdeh and Lopez failed to appear as scheduled.

On April 11, 2012, Plaintiffs' counsel filed a "Notice of Withdraw of Opt-In Plaintiffs Omar Awaundeh and Jorge Lopez" from the collective action. (Doc. No. 152). In opposing Defendant's motion for sanctions, Plaintiffs explain that Awawdeh failed to appear for his deposition because of a lost cellphone that contained the address of the deposition location and his counsel's contact information. Plaintiffs further explain that Lopez failed to appear for his deposition because he no longer wishes to participate in the lawsuit, citing his treatment for cancer. Plaintiffs assert that neither Awawdeh nor Lopez are in a position to pay the over $8,000 in fees and costs sought by Defendant.

## II.   ANALYSIS

Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits the court, on motion, to order sanctions if a party fails to appear for its deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). If the court decides to award sanctions under subsection (A)(i), then Rule 37(d)(3) requires the court to order the party failing to act or its attorney, in addition to or instead of available sanctions, to reimburse the moving party for reasonable expenses "unless the failure was substantially justified or other circumstances make the award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The court has broad discretion to decide whether to award sanctions under Rule 37(d). *Kibbie v. Experian*, No. 3:08-cv-1804, 2010 WL 4643875, at *1 (M.D. Pa. Nov. 9, 2010) (citing

*Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d. Cir. 2007)).  In deciding whether to award sanctions under Rule 37, courts should weigh several factors, including: (1) the extent of a party's personal responsibility; (2) a history of dilatoriness; (3) whether the party's or attorney's conduct was willful or in bad faith; (4) the meritoriousness of the claims; (5) prejudice to the other party; and (6) appropriateness of alternative sanctions.  *Flaherty v. M.A. Bruner & Sons, Inc.*, 202 F.R.D. 137, 141 (E.D. Pa. 2001) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984)).

As to the first factor, because their anticipated attendance at the depositions was confirmed just a few days prior to the scheduled date, Awawdeh and Lopez bear personal responsibility for their failure to appear.  *See Kibbie*, 2010 WL 4643875, at *2 (finding marginal personal responsibility where the pro-se plaintiff failed to appear for a deposition that was noticed, but not confirmed).  This factor would weigh in favor of sanctions.

The second and third factors consider any history of dilatoriness, and any willful or bad faith conduct.  There is no evidence in the record that these opt-in plaintiffs have a history of dilatoriness in discovery, and there is no evidence that their conduct was willful or in bad faith.  Willful conduct requires strategic, self-serving conduct that amounts to more than "mere inexcusable negligent behavior." *Id.* (quoting *Adams v. Trs. of N.J. Brewery Emp's Pension Fund*, 29 F.3d 863, 876 (3d Cir. 1994) (internal quotation mark omitted).  Awawdeh has asserted that he did not have the information needed to attend the deposition or contact his counsel, and Lopez has explained his absence due to health concerns and his desire to withdraw from the litigation.  Plaintiffs' counsel appeared at the scheduled time and place, and attempted to contact Awawdeh and Lopez when they failed to attend the depositions.  This is not the kind of strategic or bad faith

behavior that would weigh in favor of sanctions.

I next consider the prejudice caused by the discovery default. These two opt-in Plaintiffs have filed a notice of withdrawal from this action. Although Defendants incurred costs related to preparing for and traveling to the deposition, a prejudice that likely weighs in favor of sanctions, *see Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (stating that "excessive and possibly irremediable burdens or costs" prejudices an adversary), Awawdeh and Lopez have effectively agreed to the most severe sanction available by withdrawing their claims against Defendant. *See Kibbie*, 2010 WL 4643875, at *3 (finding no additional sanction necessary where plaintiff voluntarily dismissed her claim). As to the meritoriousness of the underlying claim, I do not have facts before me to analyze the meritoriousness of these opt-in plaintiffs' claims. However, this factor is of marginal concern considering Awawdeh and Lopez have withdrawn from the litigation. *See Poulis*, 747 F.2d at 867 (explaining that the importance of ensuring that sanctions are not used as a "weapon" to displace consideration of the case on its merits).

Considering all of the *Poulis* factors, I find that they weigh against ordering sanctions.

An award of monetary sanctions under the circumstances of this case would also be unjust. *See* Rule 37(d)(3). Awawdeh and Lopez have provided explanations for their failure to appear; they have withdrawn from the lawsuit; and both individuals have declared that they are not in a position to pay the requested costs and fees. (Doc. No. 153, Exs. A & B). Considering these factors and the nature of their participation in the collective action, I decline to require Awawdeh and Lopez to pay Defendant's expenses. *See Martin v. Citizens Fin. Grp. Inc.*, No. 10-260, 2011 U.S. Dist. LEXIS 107731, at *4 (E.D. Pa. Sept. 21, 2011) (refusing to award monetary sanctions

4

to defendants for failure of FLSA opt-in plaintiffs to appear at their noticed depositions).

Having found that the circumstances of this case do not warrant sanctions under Rule 37(d), and in particular finding that ordering monetary sanctions would be unjust, Defendants Motion for Sanctions will be denied. An appropriate order follows.

BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE