IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| CLINTON SPELLMAN, *et al.* | : | |
| | : | 2:10-cv-01764-JS |
| v. | : | |
| | : | |
| AMERICAN EAGLE EXPRESS, INC. | : | |
| | : | |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

Plaintiffs Clinton Spellman, Elmuthana Bashir, Sunday Chimezie, Jean Dende, Jeffrey Griffin, William Hammond, Abdul Khalil Mukhni, Owen Thurman, and John Ziglar ("Plaintiffs"), by and through their undersigned counsel, submit this Pretrial Memorandum pursuant to Local Rule of Civil Procedure 16.1(c) and the Court's Amended Scheduling Order (Doc. 178):

**I.  BRIEF STATEMENT OF THE NATURE OF THE CASE**

Plaintiffs claim that they were misclassified as independent contractors by Defendant American Eagle Express, Inc. ("AEX") when, in fact, they were employees under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") entitled to overtime premium compensation for all hours worked over 40 in a seven-day workweek.

This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

**II.  BRIEF STATEMENT OF FACTS**

Plaintiffs are delivery drivers who provided delivery services to AEX and frequently worked over 40 hours in a single workweek without receiving overtime premium compensation.

Whether Plaintiffs were "independent contractors" or "employees" entitled to the protections of the FLSA will be based on an analysis of the following six factors: (1)  the degree

of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *See Martin v. Selker Brothers, Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991); *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382-83 (3d Cir. 1985).

Plaintiffs will demonstrate at trial that each of these factors weighs in favor of finding that Plaintiffs were employees covered by the FLSA. The evidence will show, *inter alia*, that:

- AEX exercised significant control over Plaintiffs through, among other things, extensive monitoring by AEX dispatchers, who use standardized AEX computer software/programs to "track" driver's progress throughout the delivery route; detailed daily route "manifests" that set forth the route and all scheduled pick-up/delivery times; the use of handheld "scanning" devices to enable AEX dispatchers to monitor drivers' progress throughout their routes; requiring Plaintiffs to pass security and background checks; requiring that Plaintiffs utilized vehicles that comply with AEX's requirements; performing on-the-job "audits," including "covert field audits;" and requiring that they comply with standardized work rules that dictate everything from their physical appearance to the operation/maintenance of their vehicles to their storage of cargo;

- Plaintiffs had limited opportunity for profit and loss because AEX provided commissions to Plaintiffs that were standardized based on the customer, route and type of vehicle, not the managerial skill of the individual Plaintiff;

- Plaintiffs had minimal investment in equipment or materials required to perform their delivery duties, consisting of just the vehicle they will be utilizing, a cell phone and occupational accident insurance;

- Plaintiffs' delivery services did not require any special training or skill, just a valid drivers license;

- Plaintiffs' each worked for AEX for significant periods of time, with eight of the Plaintiffs having worked for AEX for approximately 3 or more years; and

- Plaintiffs' delivery activities were the primary services provided by AEX and thus integral to AEX's operation and profits.

### III. MONETARY DAMAGES CLAIMED

Plaintiffs' damages will consist of unpaid overtime premium compensation for hours worked over 40 in a workweek.  It is undisputed that AEX did not keep track of Plaintiffs' work hours and did not require Plaintiffs to report their work hours.  Thus, under the Supreme Court's decision in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), Plaintiffs are only required to demonstrate that they worked over 40 hours in a single workweek "as a matter of just and reasonable inference."  *Id.* at 687-88; *see also Martin*, 949 F.2d at 1297.  Also, due to the absence of time records, the Plaintiffs may rely entirely on their own recollections of their weekly or daily routines.  *See*, *e.g.*, *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005).

Plaintiffs calculate their unpaid overtime pay as follows depending on whether a three-year or two-year limitations period is approved:[1]

| Plaintiff | Two Years | Three Years |
|---|---|---|
| Clinton Spellman: | $24,603.92 | $32,466.62 |
| Elmuthana Bashir: | $3,786.38 | $5,239.20 |
| Sunday Chimezie: | $1,140.17 | $1,140.17 |
| Jean Dende: | $1,489.57 | $5,846.68 |
| Jeffrey Griffin: | $9,357.72 | $12,069.04 |

---

[1] This will depend on whether Defendant engaged in a "willful" violation of the FLSA.  *See* 29 U.S.C. § 255; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (citing 5 C.F.R. § 551.104); *Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247, *78-81 (D.N.J. May 11, 2009); *see also Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297 (3d Cir. 1991) (willfulness found where employer showed "evident indifference toward the requirements imposed by the FLSA").

| | | |
|---|---|---|
| William Hammond: | $18,529.19 | $25,318.05 |
| Abdul Khalil Mukhni: | $3,819.23 | $8,081.16 |
| Owen Thurman: | $0.00 | $4,204.17 |
| John Ziglar: | $2,044.78 | $6,662.29 |
| TOTAL | $64,770.96 | $101,027.38 |

Plaintiffs also can recover liquidated damages equal to the amount of their unpaid wages.  *See* 29 U.S.C. §260.  Unlike punitive damages in other types of civil lawsuits, "liquidated damages [under the FLSA] are the norm and denial of liquidated damages is the exception."  Schneider & Stine, Wage and Hour Law §21.03 (citing cases); *accord Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 71-72 (2d Cir. 1997); *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129-30 (3d Cir. 1984).  Whether to award liquidated damages is a matter to be decided by the Court after the jury has issued its verdict.

Finally, the FLSA allows for an award of prejudgment interest on any lost wages recovery, *see Gonzalez v. Bustleton Servs.*, 2010 U.S. Dist. LEXIS 43773 (E.D. Pa. May 5, 2010), and the recovery of reasonable attorney's fees and expenses, *see* 29 U.S.C. §216(b).  These damages amounts will be decided by the Court after the jury has issued its verdict.

### IV.   WITNESSES

Plaintiffs may call the following witnesses at trial:

1. Plaintiff Clinton Spellman
   407 Valley Meadow Circle, Apt # A4
   Reisterstown, MD 21136

2. Plaintiff Elmuthana Bashir
   3519 18th South Street
   Arlington, VA 22204

3. Plaintiff Sunday Chimezie
   9933 Good Luck Road, Apt #104

       Lanham, MD 20706

4.    Plaintiff Jean Dende
     3619 Rockdale Terrace
     Windsor Mill, MD 21244

5.    Plaintiff Jeffrey Griffin
     1403 Cox Neck Road
     Chester, MD 21619

6.    Plaintiff William Hammond
     262 Chalat Circle East
     Millersville, MD 21108

7.    Plaintiff Abdul Khalil Mukhni
     5404 Cordwall Court
     Beltsville, MD 20705

8.    Plaintiff Owen Thurman

9.    Plaintiff John Ziglar
     639 Brisbane Road
     Baltimore, MD 21229

10.   Beth Ann Schott
     6604 Hartwait Street
     Baltimore, MD 21224

11.   Esther Greer
     2393 Terra Firma Road, #T1
     Brooklyn, MD 21225

12.   Antonio Pittman
     [address currently unknown]

13.   Gina Kremper
     c/o Defendant
     10C Milton Drive
     Aston, Pennsylvania 19014

14.   Andrew Carlin
     c/o Defendant
     10C Milton Drive
     Aston, Pennsylvania 19014

15.   Michael Maenner

    c/o Defendant
    10C Milton Drive
    Aston, Pennsylvania 19014

16. J.D. Gamble
    c/o Defendant
    10C Milton Drive
    Aston, Pennsylvania 19014

17. James Van Horn
    c/o Defendant
    10C Milton Drive
    Aston, Pennsylvania 19014

18. Witnesses necessary for impeachment and/or rebuttal

Plaintiffs reserve the right to call any witnesses identified by Defendant.

## V. SCHEDULE OF EXHIBITS

*See* Exhibit A.

## VI. ESTIMATE OF TRIAL TIME

Plaintiffs estimate that the trial will last 6 days.

## VII. SPECIAL COMMENTS

Plaintiffs wish to re-emphasize the importance of the Court's previous observation in this case that the fact that Plaintiffs signed and/or completed documents describing themselves as "independent contractors" is irrelevant.  *See Spellman v. American Eagle Express, Inc.*, 2013 U.S. Dist. LEXIS 35032, *13-14 (E.D.Pa. Mar. 14, 2013) ("'[e]conomic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA.'") (Sánchez, J.). This point must be made clear to the jury in order to avoid confusion and prejudice to Plaintiffs.

In addition, Defendant has asserted counterclaims against six of the nine Plaintiffs (Spellman, Chimezie, Bashier, Griffin, Hammond, and Mukhni) based on a supposed indemnification clause contained within their Transportation Brokerage Agreement.  *See*

*Spellman v. American Eagle Express, Inc.*, 09-cv-1666-RMC (D.D.C) at Doc. 9.  According to Defendant, its counterclaim for indemnification is only triggered if Plaintiffs are found to have been properly classified as independent contractors.   Thus, if Defendant prevails at trial, Plaintiff proposes that the parties submit proposed findings of fact and conclusions of law concerning Defendant's counterclaims based upon the record at trial.

Finally, as previously indicated, the FLSA mandates that, if Plaintiffs prevail at trial, Defendant must pay the attorney's fees and litigation costs incurred by Plaintiffs' counsel.  In this regard, Plaintiffs' counsel will be permitted to recover attorney's fees attributable to **both** time spent litigating the 9 Plaintiffs' individual claims **and** much of the time spent working on the collective action prior to the Court's March 2013 decision "decertifying" the collective.  *See*, *e.g.*, *Imbeault v. Rick's Cabaret Int'l Inc.*, 2009 U.S. Dist. LEXIS 71562, *18-19 (S.D.N.Y. Aug. 13, 2009); *Fox v. Tyson Foods, Inc.*, 4:99-cv-01616-VEH, Slip. Op. at 11-16 (N.D. Ala. Feb. 17, 2009); *McElmurry v. U.S. Bank Ass'n*, 2008 U.S. Dist. LEXIS 35905, *6 (D. Or. Apr. 30, 2008); *Barfield v. N.Y.C. Health and Hospitals Corp.*, 2006 U.S. Dist. LEXIS 56711, *6 (S.D.N.Y. Aug. 11, 2006).  Of course, as reflected in these cases, Plaintiffs' counsel also recognize that attorney time spent working on the decertified collective action will likely be discounted to an extent deemed reasonable and appropriate by the Court.

Date:   June 25, 2013                                Respectfully submitted,

/s/ R. Andrew Santillo
Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

                              Jay P. Holland, Esq.
                              Brian J. Markovitz, Esq.
                              JOSEPH, GREENWALD & LAAKE, P.A.
                              6404 Ivy Lane, Suite 400
                              Greenbelt, MD 20770
                              Phone: (301) 220-2200

                              *Counsel for Plaintiffs*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CLINTON SPELLMAN, *et al.* | : <br> : <br> :    2:10-cv-01764-JS |
| v. | : <br> : |
| AMERICAN EAGLE EXPRESS, INC. | : <br> : |

**EXHIBITS-TABLE OF CONTENTS**

| Exhibit Number | Brief Description Of Exhibit | Admitted | Not Admitted |
|---|---|---|---|
| 1 | PowerPoint Presentation-AEX 0058-74 | | |
| 2 | PowerPoint Presentation-AEX 00185-202 | | |
| 3 | PowerPoint Presentation-AEX 00048-57 | | |
| 4 | PowerPoint Presentation-AEX 00178-84 | | |
| 5 | PowerPoint Presentation-AEX 00151-177 | | |
| 6 | PowerPoint Presentation-Sovereign Bank | | |
| 7 | PowerPoint Presentation-Sovereign Bank | | |
| 8 | Independent Contractor Profile-AEX 00029-38 | | |
| 9 | AEXGroup Driver Orientation-(18 Questions And 18 Answers) | | |
| 10 | Independent Contractor Settlement Invoice-AEX 00127 | | |
| 11 | AEXGroup Request For Proposal Response-AEX 51625-33 | | |
| 12 | E-CISE External Corporate Information Security Evaluation-AEX 52538-72 | | |
| 13 | Vendor Management Questionnaire 2011-AEX 52608-616 | | |
| 14 | "IMPORTANT MEMO" Re: Independent Contractors of AEXGroup-PL JOZ VOLUME ONE, PAGE 18 | | |
| 15 | December 2006 Memo-PL JOZ VOLUME ONE, PAGE 24 | | |
| 16 | Memo To Independent Contractors of American Eagle Express-PL JOZ VOLUMENT ONE, PAGE 25 | | |
| 17 | Manifest-PL JOZ VOLUME ONE, PAGE 26 | | |
| 18 | Collection of Driver Safety Tips | | |
| 19 | Collection of Audit Forms | | |
| 20 | Collection of Rockhopper Data | | |

| | | | |
|---|---|---|---|
| 21 | AEX Group, Inc.-Schedule 1099 Amounts-Spellman | | |
| 22 | AEX Group, Inc.-Schedule 1099 Amounts-Bashir | | |
| 23 | AEX Group, Inc.-Schedule 1099 Amounts-Chimezie | | |
| 24 | AEX Group, Inc.-Schedule 1099 Amounts-Dende | | |
| 25 | AEX Group, Inc.-Schedule 1099 Amounts-Griffin | | |
| 26 | AEX Group, Inc.-Schedule 1099 Amounts-Hammond | | |
| 27 | AEX Group, Inc.-Schedule 1099 Amounts-Muhkni | | |
| 28 | AEX Group, Inc.-Schedule 1099 Amounts-Thurman | | |
| 29 | AEX Group, Inc.-Schedule 1099 Amounts-Ziglar | | |
| 30 | Annual IRS Form 1099-Spellman | | |
| 31 | Annual IRS Form 1099-Bashir | | |
| 32 | Annual IRS Form 1099-Dende | | |
| 33 | Annual IRS Form 1099-Griffin | | |
| 34 | Annual IRS Form 1099-Hammond | | |
| 35 | Annual IRS Form 1099-Muhkni | | |
| 36 | Annual IRS Form 1099-Thurman | | |
| 37 | Annual IRS Form 1099-Ziglar | | |
| 38 | Unpaid Wages Summary-Spellman | | |
| 39 | Unpaid Wages Summary-Bashir | | |
| 40 | Unpaid Wages Summary-Chimezie | | |
| 41 | Unpaid Wages Summary-Dende | | |
| 42 | Unpaid Wages Summary-Griffin | | |
| 43 | Unpaid Wages Summary-Hammond | | |
| 44 | Unpaid Wages Summary-Muhkni | | |
| 45 | Unpaid Wages Summary-Thurman | | |
| 46 | Unpaid Wages Summary-Ziglar | | |
| 47 | Selected Documents From Personnel File-Spellman | | |
| 48 | Selected Documents From Personnel File-Bashir | | |
| 49 | Selected Documents From Personnel File-Chimezie | | |
| 50 | Selected Documents From Personnel File-Dende | | |
| 51 | Selected Documents From Personnel File-Griffin | | |

| 52 | Selected Documents From Personnel File-Hammond | | |
|---|---|---|---|
| 53 | Selected Documents From Personnel File-Muhkni | | |
| 54 | Selected Documents From Personnel File-Thurman | | |
| 55 | Selected Documents From Personnel File-Ziglar | | |
| 56 | Collection of Pay Stubs For John Ziglar | | |
| 57 | Collection of Settlement Advices For John Ziglar | | |
| 58 | Declaration of Beth Ann Schott | | |
| 59 | Declaration of Esther Greer | | |
| 60 | Declaration of Antonio Pittman | | |